Robert A. Riether, Esq. (SBN 032336)
Branden D. Kartchner, Esq. (SBN 35995)
**WRIGHT, FINLAY & ZAK, LLP**
7785 W. Sahara Ave #200
Las Vegas, NV 89117
Telephone: (949) 477-5050
Facsimile: (949) 608-9142
rriether@wrightlegal.net
bkartchner@wrightlegal.net

Attorney for *Plaintiff Ungerer & Company*

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Ungerer & Company;<br><br>  Plaintiff,<br><br>Vs.<br><br>Alkaline88, LLC,<br><br>  Defendant. | CASE NO.<br><br>**COMPLAINT** |

Plaintiff Ungerer & Company ("Ungerer"), by and through the undersigned counsel, alleges against Defendant Alkaline88, LLC, ("Alkaline") as follows:

## PARTIES

1. Plaintiff Ungerer is a company that specializes in the development, manufacturing, and supply of flavors and ingredients; Ungerer is incorporated in the State of Delaware as a corporation with its principal place of business in Lincoln Park, New Jersey.

2. Defendant Alkaline88, LLC is an Arizona limited liability company, incorporated in Arizona with its principal place of business in Scottsdale, Arizona. Alkaline88, LLC's sole member is Alkaline Water Corp, which is an Arizona corporation, incorporated in Arizona with its identified place of business address in Maricopa, County, Arizona.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as all plaintiffs are "citizens of different States" from all defendants and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Accordingly, there is complete diversity among the parties.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(b)(1)-(2) because a substantial part of the events or omissions giving rise to the claims occurred in Maricopa County in this federal district.

**FACTUAL BACKGROUND**

5. Ungerer is a flavors and ingredients company that specializes in the development, manufacturing, and supply of quality flavors and ingredients.

6. Alkaline is a beverage company that creates water products, including flavored water.

7. On or about August 19, 2021, Alkaline ordered thousands of pounds of flavor product from Ungerer by way of a written purchase order, agreeing to pay set unit prices for the various flavors.

8. The total cost of the purchase order was detailed on the purchase order, totaling $145,875.00.

9. In response to the order, Ungerer generated order acknowledgement forms, which were provided to Alkaline.

10. After receiving the purchase order, Ungerer made three shipments of flavor product in the next two months at the agreed-upon prices, which totaled $124,477.90 worth of flavor product and shipping costs. Alkaline never paid any invoices relating to the shipments.

11. Specifically, on or about September 1, 2021, Ungerer shipped the first shipment, which included thousands of pounds of flavor product.

12. Ungerer shipped the flavor product via Elite Express to the consignee that Alkaline designated in its purchase order, Waco Bottling, in Woodway, Texas.

13. Elite Express secured a signature upon delivery, which was on or about September 8, 2021.

14. Ungerer prepaid for the shipping costs.

15. The total price of the first shipment was $55,572.50. Alkaline was invoiced (Invoice No. 472612) the same day of the shipment, September 1, 2021.

16. The invoice detailed that 50% of the total amount was due on the date of the invoice with the other 50% due in 30 days; Alkaline has never paid any portion of this invoice.

17. On or about October 6, 2021, Ungerer shipped the second shipment, which included thousands of pounds of flavor product.

18. Ungerer shipped the flavor product via Elite Express to the consignee that Alkaline designated in its purchase order, Waco Bottling, in Woodway, Texas.

19. Elite Express secured a signature upon delivery, which was on or about October 12, 2021.

20. Ungerer prepaid for the shipping costs.

21. The total price of the second shipment was $52,340.00. Alkaline was invoiced (Invoice No. 474242) the same day as the shipment, October 6, 2021.

22. The invoice detailed that 50% of the total amount was due on the date of the invoice with the other 50% due in 30 days; Alkaline has never paid any portion of this invoice.

23. On or about October 20, 2021, Ungerer shipped the third shipment, which included thousands of pounds of flavor product.

24. Plaintiff shipped the flavor product by a carrier, FedEx Freight Priority, to the consignee that Alkaline designated in its purchase order, Waco Bottling in Woodway, Texas.

25. Fedex secured a signature upon delivery, which was on or about October 25, 2021.

26. Ungerer prepaid for the shipping costs.

27. The total price of this third shipment was $16,565.40. Alkaline was invoiced (Invoice No. 474924) the same day as the shipment, October 20, 2021.

28. The invoice detailed that 50% of the total amount was due on the date of the invoice with the other 50% due in 30 days; Alkaline has never paid any portion of this invoice.

29. Accordingly, despite agreeing to pay the set prices for the flavor product, which totaled $124,477.90 in product and shipping costs, Alkaline never paid anything for the product.

30. After making these three shipments and failing to receive any compensation for them, Plaintiff made no further shipments to Alkaline.

31. Ungerer contacted Alkaline multiple times to secure payment, but Ungerer has never been paid.

32. After Alkaline did not respond to Ungerer's repeated demands for payment, Ungerer sent Alkaline a Final Notice wherein it detailed that further nonpayment would result in referral of the account to a third-party collections agency or legal counsel. Alkaline never paid the outstanding invoices.

33. On or about April 6, 2023, after Ungerer was forced to retain counsel because of Alkaline's failure to respond, Ungerer sent a certified demand letter to Alkaline wherein it demanded payment in hopes of resolving Ungerer's failure to pay and encouraging satisfaction of its contractual obligations without any court intervention.

34. Alkaline failed to respond to the demand letter, which has resulted in this lawsuit.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

35. The allegations set forth above are expressly incorporated by reference.

36. A valid and enforceable contract exists between Ungerer and Alkaline.

37. Specifically, on or about August 19, 2021, Alkaline submitted a purchase order to Ungerer, ordering thousands of pounds of flavor product from Ungerer by way of a written purchase order.

38. Alkaline agreed to pay set unit prices for the various flavors of flavor products.

39. Ungerer agreed to provide the items at the set prices, in line with the purchase order.

40. The total cost of the purchase order of the flavor product totaled $145,875.00.

41. After receiving the purchase order, agreeing to the purchase, and providing Alkaline purchase acknowledgement forms, Ungerer made three shipments of thousands of pounds of flavor product in the next two months at the agreed-upon prices, which totaled $124,477.90 worth of flavor product and shipping costs.

42. In accordance with the purchase order, Ungerer successfully shipped the three shipments to Alkaline's designated consignee, Waco Bottling in Woodway, Texas.

43. Despite agreeing to pay the set prices for the flavor product that was shipped, Alkaline never paid anything for the product.

44. Alkaline's failure to pay for the flavor product that it ordered is a substantial and material breach of the contract.

45. Alkaline was required to pay $124,477.90 for the shipped product but paid nothing and kept the product.

46. Ungerer has been damaged by Alkaline's breach of contract and is entitled to the full contract price, the price of the shipped product that was never paid for, compensatory damages, special damages, incidental damages, and any additional relief that this Court deems just.

47. Additionally, as a result of Alkaline's conduct, Ungerer was required to retain counsel to prosecute this action and is entitled to recover its corresponding attorneys' fees and costs, under A.R.S. § 12-341.01.

## SECOND CAUSE OF ACTION
### (Breach of the Covenant of Good Faith and Fair Dealing)

48. The allegations set forth above are expressly incorporated by reference.

49. Ungerer and Alkaline entered into a contractual relationship regarding the purchase of thousands of pounds of flavor product for beverages.

50. As parties to the contract, Ungerer and Alkaline owe each other duties to act in good faith, which includes the duty that neither party will act to impair the right of the other to receive the benefits that flow from the contractual relationship.

51. Alkaline owed Ungerer a duty to act in good faith and in a manner consistent with fair dealing in their considerations of the Contract, including a duty to refrain from any prejudicial and dilatory conduct in relation to the parties executing their contractual duties.

52. Despite this duty to act in good faith, Alkaline intentionally breached his duties and acted in bad faith by consistently and continuously engaging in prejudicial, bad faith, and dilatory behavior.

53. Alkaline's conduct was in bad faith in that it caused Ungerer to ship thousands of pounds of flavor product across the country, fail to pay any compensation for the product as the contract required, and then repeatedly ignored Ungerer's inquires as to why it paid nothing on the contract. Indeed, Alkaline consistently and completely ignored Ungerer's repeated pleas for additional information relating to its performance deficiencies.

54. Alkaline's conduct is contrary to the spirit of the contract and clear bad faith.

55. This conduct impaired Ungerer from receiving the benefits that flow from the contractual relationship, including its ability to enforce the agreed-on terms.

56. Ungerer has suffered damages as a result of Alkaline's bad faith and breach of their duty of good faith and fair dealing.

57. As a result of Alkaline's bad faith under the contract, Ungerer was required to retain counsel to prosecute this action and is entitled to recover its corresponding attorneys' fees pursuant to A.R.S. § 12-341.01.

## THIRD CAUSE OF ACTION
### (Unjust Enrichment in the alternative to Breach of Contract Claim)

58. The allegations set forth above are expressly incorporated by reference.

59. Ungerer bestowed a benefit on Alkaline.

60. Specifically, Ungerer shipped Alkaline thousands of pounds of flavor product with the expectation that it would be compensated for the product.

61. Ungerer shipped the product and Alkaline retained it without paying anything to Ungerer.

62. Accordingly, Alkaline was enriched while Ungerer was impoverished.

63. The enrichment and impoverishment are connected, and there is no justification for the enrichment and impoverishment.

64. It would be unjust to allow Alkaline to keep the product or fail to compensate Ungerer for this conferred benefit.

65. There is an absence of remedy provided under the law.

66. Alkaline must be compelled to compensate Ungerer for the flavor product it shipped and never received payment for and all damages available under the law relating to the same.

67. Ungerer was required to retain counsel to prosecute this action and is entitled to recover its corresponding attorneys' fees and costs.

///

///

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court grant judgment in its favor and against Alkaline, and award Plaintiff:

A.    compensatory damages;

B.    general damages;

C.    special damages;

D.    incidental damages;

E.    attorneys' fees;

F.    costs; and

G.    any other relief deemed to be just.

**RESPECTFULLY SUBMITTED** June 22, 2023.

**WRIGHT, FINLAY & ZAK, LLP**

*/s/ Robert A. Riether*
Robert A. Riether, Esq. (SBN 032336)
Branden D. Kartchner, Esq. (SBN 35995)
Attorneys for *Plaintiff Ungerer & Company*