Robert A. Riether, Esq. (SBN 032336)
Branden D. Kartchner, Esq. (SBN 35995)
**WRIGHT, FINLAY & ZAK, LLP**
7785 W. Sahara Ave #200
Las Vegas, NV 89117
Telephone: (949) 477-5050
Facsimile: (949) 608-9142
rriether@wrightlegal.net
bkartchner@wrightlegal.net

Attorney for *Plaintiff Ungerer & Company*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Ungerer & Company; | CASE NO. CV-23-01153-PHX-MTM |
| Plaintiff, | |
| Vs. | **MOTION FOR DEFAULT JUDGMENT AGAINST ALKALINE88, LLC** |
| Alkaline88, LLC, | |
| Defendant. | |

Plaintiff, Ungerer & Company ("Plaintiff"), by and through its attorneys of record, Robert A. Riether, Esq. and Branden D. Kartchner, Esq., of the law firm of Wright, Finlay & Zak, LLP, hereby respectfully submits its Motion for Default Judgment against Defendant Alkaline 88, LLC ("Defendant" or "Alkaline") pursuant to Fed. Rule Civ. P. Rule 55.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

Plaintiff respectfully moves for default judgment in this matter in the amount of $124,477.90 plus fees and costs for Defendant's failure to abide by its contractual commitments, given that Defendant was timely served with Plaintiff's Summons and Complaint, but has not answered. Indeed, the Summons and Complaint were served on Defendant on July 5, 2023. *See* ECF 11. Defendant never responded, which resulted in Plaintiff filing an Application for Default on or about November 15, 2023. *See* ECF 15. Under Fed. R. Civ. P. Rule 55, the clerk entered default on November 16, 2023. *See* ECF 16. Accordingly, Defendant has failed to plead or otherwise defend within the time allowed by

the Federal Rules of Civil Procedure and default has already been entered. As such, Plaintiff

respectfully requests that this Court grant this Motion for Default Judgment.

## II.    LEGAL AUTHORITIES

Federal R. Civ. P. Rule 55 ("FRCP") describes the process for moving for a default

judgment:

> (b) Entering a Default Judgment.
> (1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can
> be made certain by computation, the clerk—on the plaintiff's request, with an
> affidavit showing the amount due—must enter judgment for that amount and
> costs against a defendant who has been defaulted for not appearing and who is
> neither a minor nor an incompetent person.
>
> (2) By the Court. In all other cases, the party must apply to the court for a
> default judgment. A default judgment may be entered against a minor or
> incompetent person only if represented by a general guardian, conservator, or
> other like fiduciary who has appeared. If the party against whom a default
> judgment is sought has appeared personally or by a representative, that party
> or its representative must be served with written notice of the application at
> least 7 days before the hearing. The court may conduct hearings or make
> referrals—preserving any federal statutory right to a jury trial—when, to enter
> or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine
> the amount of damages; (C) establish the truth of any allegation by evidence;
> or (D) investigate any other matter.

## III.    FACTUAL BACKGROUND AND PROPOSED JUDGMENT

This Court has jurisdiction and the merits of Plaintiff's claims, if taken as true, are

sufficient to support that Defendant does not have any affirmative defenses to dispute the

facts. Defendant was properly served with the Complaint, never answered, and has had

substantial notice of the Complaint. Moreover, Plaintiff has no basis to conclude that

Defendant, as a corporation, is a minor, an incapacitated person, incompetent, serving in the

military, or an adult in need of protection. Therefore, there is no showing that Defendant's

failure to respond would be due to excusable neglect.

Based on the facts outlined in this Motion,[1] Plaintiff would be prejudiced if Default

---

[1] For the factual basis, see Plaintiff's Complaint at ECF 1 and Plaintiff's Declaration in support of Motion for Default Judgment attached hereto as **Exhibit A**, which verifies the Complaint.

Judgment were not granted.  Plaintiff is entitled and seeking a judgment, which would be based on the following findings and conclusions:

1.     On or about August 19, 2021, Alkaline ordered thousands of pounds of flavor product from Ungerer by way of a written purchase order, agreeing to pay set unit prices for the various flavors.

2.     In response to the order, Ungerer generated order acknowledgment forms, which were provided to Alkaline.

3.     After receiving the purchase order, Ungerer made three shipments of flavor product in the next two months at the agreed-upon prices, which totaled $124,477.90 worth of flavor product and shipping costs.

4.     Alkaline never paid any invoices relating to the shipments.

5.     Specifically, on or about September 1, 2021, Ungerer shipped the first shipment, which included thousands of pounds of flavor product.

6.     Ungerer shipped the flavor product via Elite Express to the consignee that Alkaline designated in its purchase order, Waco Bottling, in Woodway, Texas.

7.     Elite Express secured a signature upon delivery, which was on or about September 8, 2021.

8.     Ungerer prepaid for the shipping costs.

9.     The total price of the first shipment was $55,572.50. Alkaline was invoiced (Invoice No. 472612) the same day of the shipment, September 1, 2021.

10.     The invoice detailed that 50% of the total amount was due on the date of the invoice with the other 50% due in 30 days; Alkaline has never paid any portion of this invoice.

11.     On or about October 6, 2021, Ungerer shipped the second shipment, which included thousands of pounds of flavor product.

12.     Ungerer shipped the flavor product via Elite Express to the consignee that Alkaline designated in its purchase order, Waco Bottling, in Woodway, Texas.

13.     Elite Express secured a signature upon delivery, which was on or about October 12, 2021.

14.   Ungerer prepaid for the shipping costs.

15.   The total price of the second shipment was $52,340.00. Alkaline was invoiced (Invoice No. 474242) the same day as the shipment, October 6, 2021.

16.   The invoice detailed that 50% of the total amount was due on the date of the invoice with the other 50% due in 30 days; Alkaline has never paid any portion of this invoice.

17.   On or about October 20, 2021, Ungerer shipped the third shipment, which included thousands of pounds of flavor product.

18.   Plaintiff shipped the flavor product by a carrier, FedEx Freight Priority, to the consignee that Alkaline designated in its purchase order, Waco Bottling in Woodway, Texas.

19.   Fedex secured a signature upon delivery, which was on or about October 25, 2021.

20.   Ungerer prepaid for the shipping costs.

21.   The total price of this third shipment was $16,565.40. Alkaline was invoiced (Invoice No. 474924) the same day as the shipment, October 20, 2021.

22.   The invoice detailed that 50% of the total amount was due on the date of the invoice with the other 50% due in 30 days; Alkaline has never paid any portion of this invoice.

23.   Accordingly, despite agreeing to pay the set prices for the flavor product, which totaled $124,477.90 in product and shipping costs, Alkaline never paid anything for the product.

24.   After making these three shipments and failing to receive any compensation for them, Plaintiff made no further shipments to Alkaline.

25.   Ungerer contacted Alkaline multiple times to secure payment, but Ungerer has never been paid.

26.   After Alkaline did not respond to Ungerer's repeated demands for payment, Ungerer sent Alkaline a Final Notice wherein it detailed that further nonpayment would result in referral of the account to a third-party collections agency or legal counsel. Alkaline never paid the outstanding invoices.

27.     On or about April 6, 2023, after Ungerer was forced to retain counsel because of Alkaline's failure to respond, Ungerer sent a certified demand letter to Alkaline wherein it demanded payment in hopes of resolving Ungerer's failure to pay and encouraging satisfaction of its contractual obligations without any court intervention.

28.     Alkaline failed to respond to the demand letter, which resulted in the filing of this lawsuit.

29.     Although Alkaline did contact Ungerer through its retained counsel after being served with the Summons and Complaint in this matter and Ungerer attempted to reach a settlement agreement in good faith, Alkaline has stopped responding to any correspondences.

30.     Indeed, Ungerer spent significant resources drafting proposed settlement agreements and corresponding with Alkaline, only for Alkaline to become once again completely unresponsive without any explanation.

31.     As a result, Ungerer applied for the entry of Alkaline's default, which the Clerk entered on November 16, 2023.

32.     Considering the above, Ungerer is entitled to a judgment in the amount of $124,477.90 plus the highest rate of post-judgment interest allowed under the law.

33.     Ungerer is also entitled to costs in the amount of $552.00.[2]

34.     Ungerer is also entitled to reasonable attorneys' fees and costs expended thus far in this litigation as well as attorney fees and costs expended in litigating this matter in the future, including collecting on the Judgment.

35.     Ungerer is further entitled to other and further relief as this Court deems just and proper.

///

///

///

///

///

///

---

2 *See* Memorandum of Costs and Attorney Declaration in Support of the same, attached as **Exhibit B**.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## V.      CONCLUSION

Plaintiff respectfully requests that this Court grant Plaintiff's Motion for Default Judgment and is amenable to attending any hearing on the matter that the Court deems necessary. A Proposed Default Judgment Order will be filed concurrently with this Motion.

**RESPECTFULLY SUBMITTED** November 21, 2023.

**WRIGHT, FINLAY & ZAK, LLP**

*/s/ Branden D. Kartchner*
Robert A. Riether, Esq. (SBN 032336)
Branden D. Kartchner, Esq. (SBN 35995)
Attorneys for *Plaintiff Ungerer & Company*

Certificate of Service:

Robert Riether: rriether@wrightlegal.net; nvefile@wrightlegal.net, tsessions@wrightlegal.net, bkartchner@wrightlegal.net

Alkaline88, LLC
8541 E. Anderson Dr. Ste. 100
Scottsdale, AZ 85255

## EXHIBIT LOG

| Exhibit A | Declaration in Support of Motion for Default Judgment |
| --- | --- |
| Exhibit B | Memorandum of Costs and Declaration |